UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLEECY WILLIAMS,

    Plaintiff,

        v.                      Case No. 15-cv-14363

U.S. BANK NATIONAL ASSOCIATION, as    UNITED STATES DISTRICT COURT JUDGE
Trustee for BMC Mortgage Loan Trust           GERSHWIN A. DRAIN
2007-2 Mortgage Pass-Through
Certificates, Series 2007-2; and OCEAN    UNITED STATES MAGISTRATE JUDGE
LOAN SERVICING, LLC, a foreign limited      ELIZABETH A. STAFFORD
liability company,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [5]**

**I. INTRODUCTION**

Fleecy Mae Williams ("Plaintiff") commenced this action against U.S. Bank National Association and Ocean Loan Servicing, LLC ("Defendants") on October 15, 2015 in the Third Circuit Court for the County of Wayne. *See* Complaint. Plaintiff contends that Defendants (I) wrongfully foreclosed on her home in violation of state and federal law; (II) are in breach of contract; (III) committed fraudulent misrepresentation; (IV) committed slander of title; and (V-VII) that Plaintiff is entitled to equitable relief. The matter was removed to federal court on

December 16, 2015. *See* Dkt. No. 1. Currently before the Court is Defendants'
Motion to Dismiss. *See* Dkt. No. 5.

Defendants' Motion was filed on March 25, 2016. The Plaintiff has failed to
file a response in opposition. After reviewing the briefing, the Court concludes that
oral argument will not aid in the resolution of this matter. Accordingly, the Court
will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2).
For the reasons discussed below, the Court will **GRANT** the Defendants' Motion
to Dismiss.

## II. BACKGROUND

On December 29, 2006, Plaintiff executed a mortgage securing a loan in the
amount of $76,500.00 to purchase real estate (the "Property"). Complaint (Exhibit
3). The mortgage was recorded on January 12, 2007. On or about March 11, 2015,
the mortgage was assigned to Defendant U.S. Bank. The assignment was recorded
on March 20, 2015. Complaint (Exhibit 4).

Several years after executing the mortgage, Plaintiff began to struggle to
make her required payments. However, Plaintiff alleges that the Defendants never
sent a "Notice of Default" giving notice of her rights as required by the mortgage.
Complaint, ¶ 20. Plaintiff alleges that Defendants then accelerated the debt,
preventing her from paying the balance. *Id.* at ¶ 21.

On or about March 19, 2015, the Defendants commenced foreclosure by advertisement proceedings, which culminated in a sheriff's sale on April 16, 2015. *Id.* at ¶ 23. At the sheriff's sale, Defendants purchased the property for $89,895.75 and were given a Sheriff's Deed on Mortgage Foreclosure in exchange. Dkt. No. 5 (Exhibit C). Plaintiff alleges that a "Notice of Sale" was never delivered to her. Complaint, ¶ 28. The deed was recorded on April 29, 2015. Dkt. No. 5 (Exhibit C). Plaintiff did not redeem her property before the six-month statutory redemption period expired on October 16, 2015.

## III. LEGAL STANDARD

Defendants have filed an unopposed Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). The Rule allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough 'to raise a right to relief above the speculative level' on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters*

-3-

*v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 678. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.' " *Id.* at 679.

## IV. Discussion

### A. Wrongful Foreclosure

In the Complaint, Plaintiff alleges that Defendants failed to provide notice of the foreclosure, failed to respect foreclosure alternatives, and violated federal statutes 12 C.F.R. § 1024.41 ("Regulation X"), 12 U.S.C. § 2601, 15 U.S.C. § 1601 ("Regulation Z"), and 12 U.S.C. § 2605. Defendants argue in their Motion that the complaint should be dismissed for lack of standing.

Pursuant to Mich. Comp. Laws § 300.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit. *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. 2014). Upon the expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property. Mich. Comp. Laws § 600.3236. "If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Bryan*, 848 N.W.2d at 485.

In the present case, the Property was sold at Sheriff's Sale on April 16, 2015. Dkt. No. 5 (Exhibit C). The redemption period expired on October 16, 2015. *Id.* Plaintiff did not redeem the Property at any point. Therefore, in this case, "by failing to redeem the property within the applicable time, Plaintiff lost standing to bring her claim." *Bryan*, 848 N.W.2d at 485.

Plaintiff did bring this action on October 15, 2015, one day before the expiration of the redemption period. *See* Complaint. However, this fact has no bearing on the outcome of the case. *Nafso v. Wells Fargo Bank, NA*, 2011 WL 1575372, *2 (E.D. Mich. April 26, 2011) (finding that a lawsuit filed the day before the redemption period expired did not prevent its expiration). Once the redemption period expired on October 16, 2015, the Plaintiff lost standing to assert defects in the foreclosure proceedings and/or the sheriff's sale. *Id.* at *3.

Additionally, Plaintiff alleges in the Complaint that notice was not properly posted at the Property as required under MICH. COMP. LAWS § 600.3208. Complaint, ¶ 56. "Michigan law allows the mortgagers to set aside the foreclosure sale if they make a clear showing of fraud or irregularity, but only as to the foreclosure procedure itself." *Vanderhoof v. Deutsche Bank Nat. Trust*, 554 F. App'x 355, 357 (6th Cir. 2014). "Thus the question becomes whether [Plaintiff] made a sufficient showing of fraud or irregularity in the foreclosure sale to warrant its rescission." *Id.*

Even assuming Plaintiff's allegations are true, the allegations are insufficient to set aside the foreclosure. *Nafso*, 2011 WL 1575372 at *3. Plaintiff cannot show prejudice resulting from the alleged defect where Plaintiff did not attempt to redeem the property and waited until the day before the redemption period expired

to challenge the sheriff's sale. *Id.* Therefore, Plaintiff's request to set aside the foreclosure fails.

### B. Breach of Contract

Under Michigan law, the elements of a breach of contract claim are (1) the existence of a valid contract; (2) a party's breach of that contract; and (3) damages suffered as a result of that breach. *Phillips-Johnson Properties, LLC v. Tru Fitness Studios, LLC*, 2016 WL 594187, *3 (Mich. Ct. App. Feb. 9, 2016). There is no dispute over the validity of the mortgage.

Plaintiff alleges that Defendants breached the mortgage agreement by failing to provide the proper components of the pre-acceleration notice. Complaint, ¶ 89. Plaintiff also alleges that Defendants breached an "implied covenant of good faith and fair dealing." Complaint, ¶ 91.

As an initial matter, "Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing." *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 279 (Mich. 2003). Thus, this theory of liability fails.

Turning to Plaintiff's alternate theory, under the terms of the mortgage, before the outstanding debt could be accelerated, the Notice of Default must provide (1) the default; (2) the action required to cure the default; (3) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (4) that failure to cure the default on or before the date

specified in the notice may result in acceleration of the sums secured by the security instrument and sale of the Property. Complaint, ¶ 88; Mortgage Agreement, ¶ 22. Defendants argue that all of the components of a proper notice of default as required by the mortgage were supplied to the Plaintiff. Dkt. No. 5 at 28 (Pg. ID No. 113). However, upon further review of the exhibit provided by Defendants, the Court finds that the purported Notice of Default did not include a date by which the default must be cured, nor did it note that failure to cure the default could result in acceleration. *See* Dkt. No. 5 (Exhibit D). Therefore, looking at the evidence available to the Court at this stage, the Plaintiff's claim for breach appears plausible.

However, Plaintiff's claim still seeks to set aside the foreclosure. As described below, "because [Plaintiff has] not established any fraud or irregularity in the foreclosure, the expiration of the redemption period bars their breach of contract claim." *Vanderhoof*, 554 F. App'x at 360. Accordingly, this claim is dismissed.

### C. Fraudulent Misrepresentation

To state a claim for fraud, Plaintiff must plead the that (1) the defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth; (4) that he made it with the intention that it should be acted upon by Plaintiff; (5)

-8-

that Plaintiff acted in reliance upon it; and (6) that Plaintiff thereby suffered injury. *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976). A fraud claim must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "To satisfy FRCP 9(b), a plaintiff must at minimum allege the time, place and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

Plaintiff's complaint fails to meet this standard. Plaintiff's complaint merely alleges a formulaic recitation of the elements of fraud. This is plainly insufficient to satisfy the well-pleaded complaint rule. *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548. Accordingly, this claim is dismissed.

### D. Slander of Title

In Michigan, slander of title claims have both a common-law and statutory basis. *B & B Inv. Group v. Gitler*, 229 Mich. App. 1, 8 (1998). "To establish slander of title at common law, a plaintiff must show falsity, malice, and special damages …." *Id.* The same elements are required in slander of title actions brought under the statute. MICH. COMP. LAWS § 565.108. Plaintiff has failed to plead malice or any facts that would indicate malice. Accordingly, this claim will be dismissed.

### E. Unclean Hands

The doctrine of unclean hands "applies to quiet title actions . . . and 'closes the doors of equity to one tainted with inequitableness or bad faith relative to the

matter in which he or she seeks relief, regardless of the improper behavior of the defendant.' " *Yuille v. American Home Mortgage Services, Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012). When a plaintiff fails to pay a debt as agreed, the doctrine of unclean hands prevents the plaintiff from seeking "judicial assistance in avoiding his contractual obligations." *Id.*

Here, Plaintiff has failed to pay her debts required under the mortgage. Therefore, Plaintiff may not invoke the doctrine of unclean hands to set aside the mortgage, as her own hands are unclean. Accordingly, this claim also fails.

### F. Preliminary Injunction

Plaintiff's complaint also requests that this Court grant a preliminary injunction to declare "that any foreclosure proceedings taken to date by Defendants are null and void." Complaint, ¶ 104. In determining whether to issue injunctive relief, a court must consider the following factors:

(1) Whether the movant has shown a strong likelihood of success on the merits;

(2) Whether the movant will suffer irreparable harm if the injunction is not issued;

(3) Whether the issuance of the injunction would cause substantial harm to others; and

(4) Whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.*

Here, for the reasons described above, Plaintiff has failed to prove that her claims are likely to succeed on the merits. Accordingly, the request for injunctive relief is denied.

### G. Equitable Mortgage/Conversion

Finally, Plaintiff requests an equitable mortgage. "Michigan law is clear that equitable mortgages are appropriate in circumstances where the underlying mortgage is void, particularly when one party received the benefits of the mortgage." *In re Sutter*, 665 F.3d 722, 729 (6th Cir. 2012). However, "Michigan courts abide by the standard maxim that one 'who comes into equity must come with clean hands….' " *Id.* As described above, Plaintiff has not come with clean hands, and accordingly, this relief is denied.

### V. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [5] is **GRANTED**.

IT IS SO ORDERED.

Dated: May 26, 2016                    /s/Gershwin A Drain
Detroit, MI                            HON. GERSHWIN A. DRAIN
                                       United States District Court Judge